| | |
|---|---|
| MELINDA HAAG (CABN 132612)<br>United States Attorney | ** E-filed December 16, 2010 ** |

J. DOUGLAS WILSON (DCBN 412811)
Acting Chief, Criminal Division

GRANT P. FONDO (CABN 181530)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5035
   Fax:  (408) 535-5066
   E-Mail: grant.fondo@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        v.<br><br>JOHN NGUYEN,<br><br>        Defendant. | No. CR-10-00467 JF<br><br>STIPULATED INTERIM<br>PROTECTIVE ORDER<br>**AS MODIFIED BY THE COURT** |

    WHEREAS during the course of discovery in the above-captioned criminal case, the United States may produce or otherwise make available mortgage related documents and other items containing information that contains the private information of others, including social security numbers, dates of birth, and financial information that is intended to be kept confidential; and

    WHEREAS the United States and defendant John Nguyen ("defendant") deem it appropriate for the purpose of facilitating pretrial negotiations and to provide for the protection of such information without agreeing that the specific information is in fact intended to be kept confidential, and with the further understanding that nothing in this stipulated protective order creates any presumption regarding whether the specific information is intended to be kept

PROTECTIVE ORDER
10-467

confidential, and lastly preserving defendant's right to challenge any such designation at a later time;

   IT IS HEREBY STIPULATED AND AGREED by and between the United States and defendant and his counsel, that the following definitions and procedures will govern the designation and handling of material and other information produced by the United States during pretrial negotiations, while reserving the question of how such material and information should be handled at trial, and during pre- or post-trial hearings for a future time.

   1. Definitions:
      a. "Confidential Material" shall mean information that the Government contends has information therein intended to be kept confidential, i.e., the information deemed confidential pursuant to Federal Rule of Criminal Procedure 49.1, *i.e.*, personal information of mortgagees including their social security number or tax payer identification number, date of birth, names of minors, financial account numbers, and home addresses, as well as mortgagees' salary/income information, and bank and financial records.

      b. "Discovery Material" shall mean all materials disclosed by the United States during discovery in this case as part of individual mortgagee's files, including documents maintained by the mortgage broker and banks.

   2. The United States may designate Discovery Material as Confidential Material to the extent that it believes in good faith that the information or material is or may be Confidential Material as defined in paragraph 1(a) above.

   3. **Unless otherwise ordered by the Court,** Discovery Material designated as "CONFIDENTIAL" shall be retained by defendant's counsel in the above-captioned cases and furnished, at this time, **to no one other than** defendant's counsel in the above-captioned cases, defendant, the staff supporting counsel in the above-captioned cases such as interpreters, paralegal assistants, and secretarial, stenographic, and clerical employees who are working on this case under the direction of defendant's counsel and to whom it is necessary that the materials be disclosed for purposes of the defense of this case**, and the Court and its personnel.** In the event that defendant or his counsel wishes to consult an expert regarding these materials, the

PROTECTIVE ORDER
10-467

2

1  procedure for doing so is addressed in paragraph 8 of this agreement. All such material shall be
2  kept in the offices of defendant's counsel and neither this material nor any copies of this material
3  shall leave that office for any purpose except submission in camera to the Court. However,
4  should defendant be incarcerated before the resolution of this indictment, his counsel may bring
5  the designated confidential material to the facility in which he is incarcerated to assist in the
6  defendant's preparation but shall not leave any such confidential material with the defendant. All
7  such material shall be used **solely** for the purpose of conducting pre-trial, trial, and appellate
8  proceedings in this case and for no other purpose whatsoever. All motions which contain any of
9  the confidential material and which are filed with the Court shall be filed and kept under seal
10 until further order of the Court or the confidential information therein redacted. Confidential
11 Material filed under seal shall be filed with the Clerk of the Court in sealed envelopes or boxes
12 prominently marked with the caption of this case and the notation: (pursuant to the standards and procedures set forth in Criminal Local Rule 55-1(b), Civil Local Rule 79-5, and General Order 62)

13              **"TO BE FILED UNDER SEAL"**
14              Contains Confidential Material
15              To Be Opened Only As Directed By The Court

16     4. The recipient of any Confidential Material that is provided under this Stipulated Interim
17 Protective Order shall keep such information in a manner reasonably intended to preserve and
18 maintain the confidentiality of the information and shall not disclose such information to any
19 individuals except as authorized by this Stipulated Interim Protective Order.
20     5. Within 30 days of the later of the expiration of the deadline to file an appeal or the
21 exhaustion of an appeal, defendant and his counsel agree to the return of all Confidential
22 Material to the United States, except as directed by the Court.
23     6. Nothing herein shall prevent a defendant from using the Confidential Material or from
24 referring to, quoting, or reciting from any information contained in such Confidential Material in
25 connection with pleadings or motions filed in this case, provided that such materials be filed
26 under seal and/or submitted to the Court for in camera inspection. The use of Confidential

PROTECTIVE ORDER
10-467

1  Material at trial or pre- or post-trial hearing will be resolved at or before the time of the trial or
2  hearing.

*[handwritten annotation in red, with arrow pointing into paragraph 7 after "exchange of correspondence,"]: and after meeting and conferring in good faith (in voice to voice dialogue)*

3       7. Should defendant dispute the propriety of any designation of Discovery Material as
4  Confidential Material, his counsel shall notify the United States in writing. Such notice shall
5  state counsel's position with regard to the matter in issue. Within seven business days from
6  receiving the notice, the United States shall respond to the notice in writing. If, after this
7  exchange of correspondence, defendant and the United States cannot resolve their dispute, they
8  may apply to the Court to do so. During the pendency of the dispute and any court resolution
9  thereof, including an appeal of the Court's decision on such motion, the discovery material shall
10 be deemed "CONFIDENTIAL" as designated and shall be covered by the provisions of this
11 Stipulated Interim Protective Order. The parties understand that, as this Stipulated Interim
12 Protective Order is primarily intended to facilitate pretrial negotiations, the defendant and his
13 counsel may choose not to formally challenge the Government's designation of certain material
14 as confidential at this stage in the proceedings. Such a failure to challenge the confidentiality of
15 information does not constitute a waiver on the part of a defendant to challenge that
16 information's confidentiality.

17      8. At such time as the defendant retains an expert or experts to assist in the review of the
18 Confidential Material, each such person shall execute an Acknowledgment which shall then be
19 submitted to the Court *ex parte* and *in camera* by the defendant. The defendant shall not be
20 required to provide said Acknowledgment, or the identity of the expert who signed it, to the
21 United States, unless so ordered by the Court. The United States retains the right to request that
22 the Court authorize such disclosure. Nothing in this paragraph relieves a defendant of the
23 discovery obligations contained in Fed. R. Crim. P. 16 (b)(1)(C), nor does the United States
24 waive any rights thereunder by entering into this stipulation. By signing and agreeing to the terms
25 of this Stipulated Interim Protective Order, no person shall be deemed to have conceded that any
26 material has been properly designated as confidential.

27
28

PROTECTIVE ORDER
10-467

4

1      9. Nothing in this order shall preclude the United States or defendant from applying to the
2  Court for further relief or modification. The parties agreement to enter into this Stipulated
3  Interim Protective Order at his time is for the purpose of pretrial negotiations is not a concession
4  by a defendant that the terms contained herein would be appropriate should the case proceed
5  beyond that stage.
6      10. Willful violation of this Stipulated Interim Protective Order may be punishable by
7  contempt of court, whatever other sanction the Court deems just, or any other sanctions or
8  combination of sanctions which are legally available.

10  DATED: 12/2, 2010                       Respectfully submitted,
                                        MELINDA HAAG
                                        United States Attorney

                                        /s/
                                        GRANT P. FONDO
                                        Assistant United States Attorney

16  DATED: 11/17, 2010                    Matt Jacobs (by JKS)
                                        MATTHEW J. JACOBS
                                        Attorney for defendant Nguyen

19  IT IS SO ORDERED.

21  DATED: December 16, 2010

                                        ~~THE HONORABLE JEREMY FOGEL~~
                                        ~~United States District Court Judge~~
                                        HOWARD R. LLOYD
                                        United States Magistrate Judge

PROTECTIVE ORDER
10-467

# AGREEMENT TO BE BOUND BY
## STIPULATED INTERIM PROTECTIVE ORDER

The undersigned, and his counsel in the above-captioned case, hereby acknowledge that they have received a copy of the Stipulated Interim Protective Order in the above-captioned case, have read, understand, and agree to be bound by all of the provisions thereof, and hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

DATED: 11/17, 2010

_____
MATTHEW J. JACOBS (by JKB)
Attorney for defendant Nguyen

DATED: 11/27, 2010

_____
JOHN NGUYEN
Defendant

PROTECTIVE ORDER
10-467

6